# IN THE COURT OF APPEALS OF IOWA

No. 16-1239
Filed September 14, 2016

IN THE INTEREST OF K.E.,
Minor child,

L.E., Mother,
        Appellant.
_____

Appeal from the Iowa District Court for Mitchell County, Karen Kaufman Salic, District Associate Judge.

A mother appeals the termination of her parental rights to her child. **AFFIRMED.**

Sarah A. Reindl of Reindl Law Firm, P.L.C., Mason City, for appellant mother.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Cynthia S. Schuknecht of Noah, Smith & Schuknecht, P.L.C., Charles City, guardian ad litem for minor child.

Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**VOGEL, Presiding Judge.**

A mother appeals the termination of her parental rights to her daughter. Because we agree with the district court the mother was unwilling to protect her daughter from the abusive father and termination was in the daughter's best interests, we affirm.

## I.  Background Facts and Proceedings.

The family came to the attention of the Iowa Department of Human Services (DHS) in April 2014, on reports of violence in the home.  K.E., born October 2000, was adjudicated in need of assistance in May 2014, after a founded child abuse assessment concluded there was a lack of proper supervision along with physical abuse resulting in injury to one of the other children in the home.  The district court ordered the custody of K.E. to remain with her mother, but all contact between K.E. and her father was to be supervised by DHS.

On November 13, 2014, K.E. was removed from the mother's care as the mother was not compliant with the supervised visits.  This was due to allegations the father had slapped and attempted to strangle K.E.  In spite of those acts of aggression, the mother allowed K.E. to stay overnight alone with the father.  The court found the mother was facilitating unauthorized contact between K.E. and the father.

As the months rolled on, the mother remained resistant to offered reunification services so that K.E. could be returned home.  Consequently, the State filed a petition to terminate the mother's parental rights.  The matter came on for hearing on July 7, 2016, more than two years after adjudication.  The

district court terminated mother's parental rights under Iowa Code section 232.116(1)(d), (e), and (f) (2015). The mother appeals.

## II. Recusal of District Court Judges.

Before we address the statutory grounds for termination, we review the denial of the mother's motion for recusal of the district court judge. The mother had alleged the district court judge was not "impartial." This assertion was made after the father had unsuccessfully attempted to have the district court judge recused and then made some veiled threats towards the same judge. The mother's counsel then asserted, prior to the termination hearing, his client "may suffer repercussions because her spouse may have made such threats." The district court considered the motion and arguments, finding the comments by the father had not risen to the level of being a "threat" nor were the comments even troubling. The judge concluded such comments had no bearing on what the ultimate ruling of the court would be and proceeded with the termination hearing.

We agree the mother could advance no details on why the judge would not be impartial, and we affirm the denial of the mother's motion to recuse.

## III. Standard of Review.

We review termination proceedings de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). An order terminating parental rights will be upheld if there is clear and convincing evidence of grounds for termination under Iowa Code section 232.116. *Id.* Evidence is "clear and convincing" when there are no serious or substantial doubts as to the correctness of the conclusions drawn from it. *Id.*

## IV. Grounds for Termination.

In terminating the mother's rights, the district court relied on paragraphs (d), (e), and (f) of Iowa Code section 232.116(1). The mother generally asserts the State did not prove her rights should be terminated under Iowa Code section 232.116(1)(e)(3)—that she has not maintained significant and meaningful contact with the child. The mother does not contest the findings under section 232.116(1)(d) and (f). When the juvenile court terminates parental rights on more than one statutory ground, we only need to find grounds to terminate under one of the paragraphs cited by the juvenile court to affirm. *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999). We turn to section 232.116(1)(f).

Under Iowa Code section 232.116(1)(f), the State must prove by clear and convincing evidence: (1) the child is four years of age or older; (2) the child has been adjudicated a child in need of assistance pursuant to section 232.96; (3) the child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days; and (4) there is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

There is no dispute as to elements (1)–(3), as K.E. is fifteen years old, was adjudicated in need of assistance in June 2014, and has been removed from the mother's care since November 2014. That leaves the question as to whether K.E. can be returned to the mother's care "at the present time." To satisfy its burden of proof under the fourth element, the State must establish "[t]he child cannot be protected from some harm which would justify the adjudication of the

child as a child in need of assistance." *See* Iowa Code § 232.102(5)(a)(2); *see also In re A.M.S.*, 419 N.W.2d 723, 725 (Iowa 1988).

DHS, while not supporting termination as noted below, reported that the mother had only made "minimal" progress in complying with offered services. In explaining why K.E. could not return home, the DHS case worker testified:

> I think [the mother] probably has pressure from her husband, but also I think that she has tendencies to buy into his conspiracy theories and blame [K.E.] for the situation that this family is involved in rather than look at [the father's] responsibility in this situation and her own.

She went on to opine there was no possibility K.E. could return home.

When asked as to whom she believed regarding K.E.'s report of abuse by her father, the mother's testimony was: "Q. But when it comes with regard to [K.E.], [she's] lying, your husband is telling the truth? A. Yep."

With the testimony and full record demonstrating a lack of the mother's progress in providing for K.E.'s needs ahead of her husband's needs, the district court concluded, and we agree, the State proved by clear and convincing evidence K.E. could not be returned to the mother's custody at the present time. *See* Iowa Code § 232.116(1)(f).

**V. Best Interests.**

Under Iowa Code section 232.116(2), "the court shall give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child."

The district court found the mother made some progress, but she remained more interested in protecting K.E.'s father than in meeting K.E.'s many

needs. While testifying, the mother called K.E. "a liar." This attitude was reflective of the years of siding with, or submitting to the demands of, the father, due to his controlling and abusive behavior. The district court found, and we agree, the mother has not been able in the past to "further[] the long-term nurturing and growth of the child," nor has she shown any indication that she could do so in the future.

**VI. Factors Weighing Against Termination.**

Under Iowa Code section 232.116(3), the court need not terminate the relationship between the parent and child if the court finds any of the following:

> a. A relative has legal custody of the child.
> b. The child is over ten years of age and objects to the termination.
> c. There is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship.
> d. It is necessary to place the child in a hospital, facility, or institution for care and treatment and the continuation of the parent-child relationship is not preventing a permanent family placement for the child.
> e. The absence of a parent is due to the parent's admission or commitment to any institution, hospital, or health facility or due to active service in the state or federal armed forces.

Mindful of K.E.'s age and the details of the adjudication record and reasons to seek termination, the district court went through a careful analysis of these considerations, including DHS's opposition to termination because of the concern that K.E.'s age may impact any chance of her being adopted. K.E. herself was not in favor of having her mother's rights terminated but understood that her mother had not complied with offered services such that her home environment would be safe for her to return. K.E.'s guardian ad litem favored termination. The district court ultimately found: "Any sadness the child may

experience because of termination does not overcome the likely long-term hardship and neglect the child will suffer if in the care of [the mother]. The Court simply cannot find that the parent-child relationship is so strong that it outweighs the need for termination."

While we acknowledge no resolution is a guarantee for successful transition into adulthood for this teenager, we agree with the district court's thoughtful analysis and find no factors weigh so strong that would preclude termination.

**AFFIRMED.**